

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2004

# USA v. Olmedo

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Olmedo" (2004). *2004 Decisions.* Paper 1059.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1059

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-4105

———

UNITED STATES OF AMERICA

v.

THOMAS J. OLMEDO a/k/a WHITE BOY TOMMY

THOMAS OLMEDO

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 01-cr-00449)
District Judge: Honorable Petrese B. Tucker

———

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2004

Before: Sloviter, Rendell and Aldisert, Circuit Judges.

(Filed  January 30, 2004       )

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>.

Counsel has submitted for our consideration a brief filed under the teachings of <u>Anders v. California</u>, 386 U.S. 738 (1967) – an appointed appellate counsel who "finds [a] case to be wholly frivolous, after a conscientious examination of" the case must so advise this court and request permission to withdraw. 386 U.S. at 744. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal." <u>Id.</u> A copy of counsel's brief was furnished to Appellant, who was given time to raise any non-frivolous arguments in a <u>pro</u> <u>se</u> brief. <u>Id</u>. at 744; 3rd Cir. R. 109.2(a). Appellant has not filed such a brief.

The <u>Anders</u> brief has referred us to portions of the record that arguably present non-frivolous issues and has identified the following sole issue: the court may have erred in denying Olmedo's motion for a downward departure based on his diminished capacity for the claim that his criminal history overstates the seriousness of his prior criminal conduct.

The policy statement for diminished capacity set forth in the Sentencing Guidelines provides in part:

> [T]he court may not depart below the applicable guideline range if 1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; 2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or serious threat of violence; or 3) the defendant's criminal history indicates a need to

incarcerate the defendant to protect the public.

U.S.S.G. § 5K2.13. The district court considered the departure motion and determined that even though Olmedo may have suffered from diminished capacity, he did not meet any of the three conditions necessary for application of downward departure under § 5K2.13.

We are satisfied that the district court knew that it had the authority to impose a downward departure and exercised its discretion not to do so. Accordingly, this court does not have jurisdiction. United States v. Torres, 209 F.3d 308, 309 n.1 (3d Cir. 2000), cert. denied, 531 U.S. 864 (2000).

We are satisfied that no non frivolous argument could be presented in the case at bar. Because counsel has complied with all of the procedures specified in Anders, we will grant his motion for withdrawal.

For the reasons set forth, we will dismiss Olmedo's appeal.

———

TO THE CLERK:

Please file the foregoing opinion.

s/Ruggero J. Aldisert

Circuit Judge

3

4